Stephanie R. Leach (#023739)
STEPHANIE R. LEACH, PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Telephone: (602) 753-9276
Stephanie@azemploymentattorney.com

Attorneys for Lori Anderson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Anderson,<br><br>          Plaintiff,<br><br>v.<br><br>WD Electric, LLC and Walter Dollbaum,<br><br>          Defendants. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Lori Anderson ("Plaintiff") for her Complaint against the above-named Defendants, hereby brings this action for unpaid wages under Arizona Revised Statute Title 23 (the "Arizona Wage Act"), unpaid overtime compensation, unpaid minimum wage, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. Section 216(b) ("FLSA") and alleges as follows:

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs and interest under the FLSA and the Arizona Wage Act.

2. At all material times hereto, Plaintiff is an individual residing in Pima County, Arizona.

3. Defendant WD Electric, LLC ("WD") is an Arizona Limited Liability Company. At all times relevant hereto, WD was duly licensed to do business in Coconino County, Arizona. Defendant WD does business, has offices and/or maintains against for the transaction of its customary business in Coconino County, and Pima County, Arizona.

4. At all relevant times, Plaintiff was an employee of Defendant WD, and Defendant WD was an employer, as those terms are defined under the FLSA. At all relevant times, Defendant WD, had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant WD. Defendant WD was an employer subject to the FLSA and the Arizona Wage Act, and employed Plaintiff as an employee.

5. At all relevant times, Defendant Walter Dollbaum ("Defendant Dollbaum") owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant WD. At all relevant times, Defendant Dollbaum had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant WD. At all relevant times, Defendant Dollbaum was an employer subject to the FLSA and Arizona Wage Act and employed Plaintiff as an employee.

6. Defendant Dollbaum is an individual residing in Coconino County, Arizona.

7. At all relevant times, Defendant WD has been and continues to be an employer within the meaning of A.R.S. § 23-350(3).

8. At all relevant times, all Defendants have been and continue to be employers within the meaning of the FLSA.

9. At all relevant times, Plaintiff was an employee of Defendant WD within the meaning of A.R.S. § 23-350(2).

10. At all relevant times, Plaintiff was an employee of all Defendants within the meaning of the FLSA.

11. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

12. Plaintiff, in her work for Defendants, was employed by an enterprise engaged

in commerce that had annual gross sales of at least $500,000.00.

13. Defendants employed Plaintiff from approximately October 1, 2017 through December 5, 2018. Throughout the duration of her employment with Defendants, Plaintiff worked as an Office Manager.

14. During her employment, she was an exemplary employee.

15. Ms. Anderson worked incessantly on behalf of the Company. She frequently worked over 12 hours per day, and oftentimes more. She also worked on the weekends.

16. Unfortunately for Ms. Anderson, the Company failed to pay Ms. Anderson her wages in a timely matter. By way of example alone, the Company failed to pay Ms. Anderson at all until June 15, 2017.

17. As of June 15, 2017, Ms. Anderson was owed wages of $17,333.33.

18. Plaintiff attempted several times to obtain payment from Defendant in a good faith attempt to recover the wages Defendants owed her.

19. As a result of Defendant's failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, such that the average of Plaintiff's wages over her regular 40-hour workweek fell below the overall minimum wage for one or more workweeks, in violation of 29 U.S.C. § 206(a).

20. As a result of Defendant's failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, such that the average of Plaintiff's wages over her regular 40-hour workweek fell below the overall minimum wage for one or more workweeks, in violation of A.R.S. § 23-363.

21. As a result of Defendant's failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, in violation of A.R.S. Title 23, Chapter 2.

22. Additionally, for the entire duration of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA, 29 U.S.C. § 201 et seq.

23. Plaintiff was expected to, and did, work in excess of 40 hours most workweeks during which Plaintiff worked for Defendants.

24. Despite working more than 40 hours per week during most workweeks, Plaintiff was never compensated one and one half times her regular rate of pay for such time worked, in violation of 29 U.S.C. § 207(a).

25. As a result of Defendants' failure to compensate Plaintiff at a rate of one and one half times her regular rate of pay for all hours worked in excess of 40 hours per week, Defendants violated the FLSA 29 U.S.C. § 207(a).

26. Plaintiff also incurred significant office expenses as part of her employment with Defendants.

27. Defendants understood that Plaintiff expected to be reimbursed for the expenses she made on behalf of the Company.

28. Defendants failed to reimburse Plaintiff for Company expenses.

### COUNT I - FAILURE TO PAY MINIMUM WAGE
### (Violations of 29 U.S.C. §206(a)) (As against all Defendants)

29. The above allegations are incorporated herein.

30. Defendants knowingly and in bad faith failed to pay wages due to Plaintiff such that the average of her rate of pay, when averaged across her regular workweeks, was less than the applicable minimum wage, in violation of 29 U.S.C. §206(a). Pursuant to 29 U.S.C. §216(b), Plaintiff is therefore entitled to recover in this civil action her unpaid wages and an additional amount equal to the unpaid wages.

31. Additionally, pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover interest and reasonable attorneys' fees and costs.

### COUNT II – FAILURE TO PAY OVERTIME WAGES
### (Violations of 29 U.S.C. §207(a)) (against all Defendants)

32. The above allegations are incorporated herein.

33. Defendants knowingly and in bad faith failed to pay one and one half times

Plaintiff's regular rate of pay for all the time that Defendants suffered or permitted Plaintiff to work in excess of 40 hours per week. Pursuant to 29 U.S.C. §207(a), Plaintiff is therefore entitled to recover in this civil action an additional amount that is equal to the amount of the unpaid wages.

34. Additionally, pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover interest and reasonable attorneys' fees and costs.

## COUNT III – FAILURE TO PAY MINIMUM WAGE
### (A.R.S. § 23-363)(against Defendant WD)

35. The above allegations are incorporated herein.

36. Defendant WD knowingly and in bad faith failed to pay minimum wages due to Plaintiff, such that the average of her hourly rate of pay, when averaged across her regular workweeks, was less than the applicable minimum wage, in violation of A.R.S. § 23-363.

37. Pursuant to A.R.S. § 23-364, Plaintiff if therefore entitled to recover in this civil action her unpaid wages and an additional amount equal to twice the amount of the unpaid wages. Additionally, pursuant to A.R.S. § 23-364, Plaintiff is entitled to reasonable attorneys' fees and costs.

## COUNT IV – FAILURE TO PAY WAGES
### (Violation of A.R.S. § 23-355) (Against all Defendants)

38. The above allegations are incorporated herein.

39. Defendants WD and Dollbaum knowingly and in bad faith failed to pay salary due to Plaintiff in the approximate amount of $17,333.33.

40. Pursuant to A.R.S. § 23-355, Plaintiff if therefore entitled to recover in this civil action an amount that is treble the amount of the unpaid wages, approximately $52,000.00.

## COUNT V – BREACH OF CONTRACT
### (Against all Defendants)

1. The above allegations are incorporated herein.

2. The Parties' course of performance evidences a valid and enforceable contract.

3. Defendants have failed and refused to perform their material obligations under the Parties' contract.

4. Defendants' failure and refusal to perform under the terms of the Parties' contract constitutes a material breach of the contract.

5. As a result of Defendants' breach of the Parties' contract, Plaintiff has incurred damages in an amount to be determined at trial.  Plaintiff is also entitled to statutory interest and attorney fees and costs under A.R.S. §§ 12-341 and 12-341.01(A).

## COUNT VI – PROMISSORY ESTOPPEL

**(Against all Defendants)**

6. The above allegations are incorporated herein.

7. Defendants made specific promises to Plaintiff – namely, that Plaintiff was to be compensated at a salary of $500 weekly and that she would be reimbursed for the office expenses she made.

8. Defendants failed to perform consistent with their promises for payment.

9. As a result of Defendants' breach of the Parties' contract, Plaintiff has incurred damages in an amount to be determined at trial.  Plaintiff is also entitled to statutory interest and attorneys' fees and costs under A.R.S. §§ 12-341 and 12-341.01(A).

## COUNT VII – UNJUST ENRICHMENT

**(Against All Defendants)**

10. The above allegations are incorporated herein.

11. Defendants received the benefit of the contractual services provided by Plaintiff.

12. Plaintiff has been impoverished by Defendants' receipt of the benefit conferred upon them.

13. As a result of Defendants' receipt of benefit and Plaintiff's impoverishment,

Plaintiff has incurred damages in an amount to be determined at trial.

## COUNT VIII – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

**(Against All Defendants)**

14. The above allegations are incorporated herein.

15. Implied in every contract is a covenant of good faith and fair dealing.

16. Defendants are in breach of the covenant of good faith and fair dealing because they failed to pay Plaintiff for her services, and further delayed her payment for those services even while acknowledging the moneys as due.

17. Plaintiff requests an award of attorneys' fees and costs against Defendants and each of them.

18. Plaintiff is further entitled to prejudgment interest at the legal rate per annum and damages according to proof.

## GENERAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. Against all Defendants on Counts I and II for all of Plaintiff's unpaid minimum and overtime wage, an equal amount of Plaintiff's unpaid minimum and overtime wages in liquidated damages owed to which all Defendants failed to pay to Plaintiff in violation of the FLSA, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to 29 U.S.C. § 216(b);

B. Against WD on Count III for all of Plaintiff's unpaid minimum wages, an additional amount that is equal to twice the amount of Plaintiff's unpaid minimum wages which Defendant WD failed to pay Plaintiff in violation of the Arizona Wage Act, pre-judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to A.R.S. § 23-364, and for such other and further relief

Stephanie R. Leach PLLC
2415 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276

as this Court deems just and proper;

C. Against WD and Dollbaum on Count IV for an amount that is treble the amount of wages owed to Plaintiff which Defendant WD and Dollbaum failed to pay Plaintiff in violation of the Arizona Wage Act, pre-judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to A.R.S. §§ 23-344 and 12-341, and for such other and further relief as this Court deems just and proper;

D. Against all Defendants on Counts V, VI, VII and VIII for breach of contract, promissory estoppel, unjust enrichment and breach of the covenant of good faith and fair dealing, pre-judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to A.R.S. §§ 23-344 and 12-341, and for such other and further relief as this Court deems just and proper;

RESPECTFULLY SUBMITTED this 2nd day of January, 2018.

STEPHANIE R. LEACH, PLLC.


By  */s/Stephanie R. Leach*
Stephanie R. Leach
2415 E. Camelback Rd., Suite 700
Phoenix, AZ  85016